IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JEREMY PINSON,**

              **Plaintiff,**

     v.                                CASE NO. 13-3079-SAC

**BUREAU OF PRISONS, et al.,**

              **Defendants.**


**MEMORANDUM AND ORDER**


This matter is a civil rights action filed by a prisoner in the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. Plaintiff is subject to the provisions of 28 U.S.C. § 1915(g), which bars a prisoner from proceeding in forma pauperis where the prisoner has on 3 or more occasions filed actions or appeals in a federal court that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim for relief unless the plaintiff establishes imminent danger of serious physical harm.[1]

Plaintiff proceeds on a complaint that he and another prisoner at ADX originally filed together in a separate action. The court concluded that allowing multiple prisoners subject to § 1915(g) to proceed together is contrary to the intent of that section. Accordingly, the court directed the clerk of the court to file a separate action with Pinson as the sole plaintiff.

To satisfy the pleading requirements of § 1915(g), a prisoner

---

[1] *See Pinson v. Federal Bureau of Prisons*, 2012 WL 3872015, *1, n.1 (W.D. Okla. 2012), identifying qualifying strikes.

"must make specific, credible allegations of imminent danger." *Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011)(internal quotations and citation omitted).

In this case, the plaintiff alleges that the conditions of his confinement at ADX are filthy and result in exposure to infectious diseases, a situation plaintiff links to decisions by defendants to place mentally ill inmates in the facility. (Doc. 1, pp. 7-8). The complaint broadly alleges these conditions are part of an intentional plan by the defendants, who are employed in the Bureau of Prisons North Central Regional Office in Kansas City, Kansas.

The court has studied the complaint and concludes the plaintiff has not made an adequate showing of imminent danger. First, the complaint alleges that the conditions have existed for at least five years (*id.*, p. 8), that plaintiff was placed in the segregated housing unit for two days in December 2012, and that he was deprived of medications for asthma and seizures for an unspecified period. (*id.*, p. 10). The complaint, however, was filed as an amended complaint in Case No. 13-3002 on March 4, 2013, shortly after plaintiffs filed a notice of interlocutory appeal in that matter. Based on these circumstances, the court concludes plaintiff Pinson has not shown that he is in danger of imminent physical danger.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff Pinson is denied leave to proceed in forma pauperis and is granted to and including May 30, 2013, to submit the $350.00 filing fee to the clerk of the court. The failure to file a timely response will result in the dismissal of this matter without prejudice.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 30${}^{th}$ day of April, 2013, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge